IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| Branch Banking and Trust Company, | ) | Civil Action No.: 2:09-2082-MBS-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Christopher B. Riley; Bobbie B. Riley; | ) | |
| John Deere Construction & Forestry | ) | |
| Company; Deere Credit, Inc.; | ) | |
| Great Lakes Petroleum Company, Inc.; | ) | |
| O. L. Thompson Construction Co., Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action has been filed by the Plaintiff seeking foreclosure of a mortgage on real property located in Berkeley County, South Carolina. The debtors on the notes, Christopher B. Riley and Bobbie B. Riley, answered pro se. The remaining Defendants, with the exception of the Defendant Great Lakes Petroleum Company, Inc., all responded through counsel. No responsive pleading has been filed by the Defendant Great Lakes Petroleum Company, Inc., which is in Chapter 7 bankruptcy.[1]

---

[1]Plaintiff asserts that it may move forward with this foreclosure action notwithstanding this Defendant's Chapter 7 bankruptcy, citing to In re Geris, 973 F.2d 318 (4th Cir. 1992); and Credit Alliance Corporation v. Williams, 851 F.2d 1119 (4th Cir. 1988).

1



Plaintiff filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on October 3, 2009. As two of the Defendants are proceeding pro se, a Roseboro order was entered by the Court on October 9, 2009, advising these Defendants of the summary judgment procedure and of the need for them to file an adequate response. Defendants were specifically advised that if they failed to respond adequately, the motion for summary judgment may be granted, thereby ending this case. However, notwithstanding the specific warning and instructions as set forth in the Roseboro order, neither of the pro se Defendants filed a response to the motion for summary judgment, nor has any other Defendant filed a response to the motion for summary judgment. Plaintiff's motion is now before the Court for disposition.[2]

After careful review of the evidence and arguments submitted to the Court, the undersigned finds and concludes that the Plaintiff's motion for summary judgment should be denied at this time, without prejudice. Even though no party has submitted any opposition to the motion, the only evidence submitted by the Plaintiff with its motion is an affidavit from Frank Caple, wherein Caple (a senior vice president of the Plaintiff) attests to the authenticity of a loan agreement and two guarantee agreements, all signed by the Defendants Riley, which are attached to his affidavit. No where in this affidavit does Caple state that any of the loans represented by and/or guaranteed by these documents are in default, or what the indebtedness is that is due and owing on these documents. Plaintiff has instead set forth this type of information in its motion for summary judgment, and in a proposed order granting summary judgment, for inspection and for judgment and

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Plaintiff has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



sale of property, which has been submitted by Plaintiff in conjunction therewith. The Plaintiff's summary judgment brief relies on the allegations of the Complaint together with references to where the pro se Defendants do not deny in their answer certain allegations in the Complaint to establish the bonafides of its debt obligations and the amount of debt due and owing.

However, the pro se Defendants have denied some of the Plaintiff's material allegations, such as Plaintiff's assertion that the mortgage covering 9.975 acres in Berkeley County is a first priority lien on that property, that the Home Affordable Modification Program (HMP) is not applicable to the mortgages which are the subject of this action, and other matters. Plaintiff also does not explain in its motion how foreclosure of the mortgage on the property in Broughton Halls subdivision in Berkeley County can be accomplished when it is a second mortgage lien on that property, even while its proposed order provides that proceeds of the sale of the property shall be paid towards Plaintiff's debt. Finally, the proposed order granting summary judgment does not reference the other named Defendants in this action, none of whom have admitted in their answers that Plaintiff has a prior lien to their claims. Plaintiff cannot rely on arguments or statements set forth in its brief, without any supporting evidence, to establish entitlement to summary judgment. See Gans v. Gray, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in counsel's briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment]; Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence]; cf. Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda are not evidence and do not create issues of fact on a motion for summary judgment]; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) [there must be evidence on which a jury could reasonably find for the Plaintiff].



Therefore, Plaintiff's pending motion for summary judgment should be **denied**. Before Plaintiff can obtain summary judgment in this case, it will need to submit evidence by way of affidavit or otherwise to establish the validity and priority of its loans and mortgages, the fact that these loans and mortgages are in default, and the amount due and owing to the Plaintiff thereon. Plaintiff may do so by submitting an additional affidavit from Caple or other authorized representative of the Plaintiff as evidence in support of an amended motion for summary judgment.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 26, 2010

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



5