IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Branch Banking and Trust, | ) | Civil Action No. 2:09-cv-2082-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Christopher B. Riley, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

This case is one for foreclosure of two mortgages securing a promissory note from Christopher B. Riley and Bobbie B. Riley (the "Rileys") to BB&T and ten promissory notes from Palmetto Forest Products, Inc.[1] BB&T further seeks a judgment on the Riley Note and upon the Rileys' guarantee of the debt of Palmetto Forest Products, Inc. BB&T is further seeking the claim and delivery of personal property of Christopher Riley which secures the Palmetto Forest Notes. The current matter is before the Court upon the Amended Motion for Summary Judgment of Branch Banking and Trust Company ("BB&T"). As outlined herein, the Court grants the motion.

**Procedural Background**

On January 26, 2010, the Magistrate Judge Bristow Marchant issued a recommendation in this case that the Original Motion for Summary Judgment be denied.

---

[1] Palmetto Forest Products, Inc. is a debtor in a Chapter 7 Bankruptcy and this order does not affect that proceeding. *See, e.g. In re Geris*, 973 F.2d 318 (4th Cir. 1992) (the bankruptcy court's automatic stay provision does not affect the ability of the bank to foreclose when the real estate involved is not owned by the debtor but the debtor is liable for the indebtedness underlying the deed of trust). Thus, creditors have the right to proceed against the third parties who guaranteed the underlying debt.

1

In making his recommendation, the Magistrate Judge stated: "the only evidence submitted by the Plaintiff with its motion is an affidavit from Frank Caple, wherein Caple (a senior vice president of the Plaintiff) attests to the authenticity of a loan agreement and two guarantee agreements, all signed by the Defendants Riley, which are attached to his affidavit." The Magistrate Judge further stated that "No where in this affidavit does Caple state that any of the loans represented by and/or guaranteed by these documents are in default, or what the indebtedness is that is due and owing on these documents" and further noted "Plaintiff has instead set forth this type of information in its motion for summary judgment, and in a proposed order granting summary judgment, for inspection and for judgment and sale of property, which has been submitted by Plaintiff in conjunction therewith." The Magistrate Judge also commented that "The Plaintiff's summary judgment brief relies on the allegations of the Complaint together with references to where the *pro se* Defendants do not deny in their answer certain allegations in the Complaint to establish the bonafides of its debt obligations and the amount of debt due and owing."

As stated in the Original Motion for Summary Judgment and the Magistrate Judge's R&R, the Plaintiff relied upon the admissions of the *pro se* defendants. The Amended Motion or Summary Judgment has now supported each and every one of the party admissions in the Complaint with additional evidentiary support in the Second Affidavit of Frank Caple.

### Factual Background

The facts are straightforward and not in dispute. The Rileys admit the execution and delivery of the notes sued upon, admit the execution and delivery of the mortgages,

admit that the notes sued upon are secured by the mortgages, admit the default thereunder and admit the amounts due thereunder. Further, supplementing the party admissions in the pleadings in this matter, BB&T has submitted the Second Affidavit of Frank Caple in support of its Amended Motion for Summary Judgment which establishes each and every allegation of the Complaint and fully supports the right to recovery requested in the Complaint. The undisputed facts established through the admissions of the pleadings, the Affidavit of Frank Caple, the Second Affidavit of Frank Caple, and the Affidavit of Steven B. Licata are summarized from the voluminous Record as follows:

1. For value received, the Rileys made, executed, and delivered a note dated March 31, 2004, promising thereby to pay to the order of BB&T the sum of $550,000.00 (the "Riley Note").

2. For value received, Palmetto Forest Products, Inc. made, executed, and delivered a note dated March 31, 2004, promising thereby to pay to the order of BB&T the sum of $250,000.00 ("Palmetto Forest Note 1").

3. For value received, Palmetto Forest Products, Inc. made, executed, and delivered a note dated June 15, 2004, promising thereby to pay to the order of BB&T the sum of $1,000,000.00, with interest thereon at the rate set forth therein ("Palmetto Forest Note 2").

4. For value received, Palmetto Forest Products, Inc. made, executed, and delivered a note dated June 22, 2005, promising thereby to pay to the order of BB&T the sum of $250,000.00, with interest thereon at the rate set forth therein ("Palmetto Forest Note 3").

5. For value received, Palmetto Forest Products, Inc. made, executed, and delivered a note dated August 18, 2008, promising thereby to pay to the order of BB&T the sum of $170,000.00, with interest thereon at the rate set forth therein ("Palmetto Forest Note 4").

6. For value received, Palmetto Forest Products, Inc. made, executed, and delivered a note dated August 21, 2008, promising thereby to pay to the order of BB&T the sum of $309,401.44, with interest thereon at the rate set forth therein ("Palmetto Forest Note 5").

7. For value received, Palmetto Forest Products, Inc. made, executed, and delivered a note dated October 31, 2008, promising thereby to pay to the order of BB&T the sum of $210,000.00, with interest thereon at the rate set forth therein ("Palmetto Forest Note 6").

8. For value received, Palmetto Forest Products, Inc. made, executed, and delivered a note dated November 5, 2008, promising thereby to pay to the order of BB&T the sum of $100,000.00, with interest thereon at the rate set forth therein ("Palmetto Forest Note 7").

9. For value received, Palmetto Forest Products, Inc. made, executed, and delivered a note dated January 16, 2009, promising thereby to pay to the order of BB&T the sum of $150,000.00, with interest thereon at the rate set forth therein ("Palmetto Forest Note 8").

10. For value received, Palmetto Forest Products, Inc. made, executed, and delivered a note dated March 25, 2009, promising thereby to pay to the order of BB&T the sum of $195,000.00, with interest thereon at the rate set forth therein ("Palmetto Forest Note 9").

11. For value received, Palmetto Forest Products, Inc. made, executed, and delivered a note dated April 22, 2009, promising thereby to pay to the order of BB&T the sum of $80,461.95, with interest thereon at the rate set forth therein ("Palmetto Forest Note 10").

12.     For value received, the Rileys made, executed, and delivered to BB&T a Mortgage in writing, dated March 31, 2004 (hereinafter, the "Mortgage 1"), to secure the Riley Note, Palmetto Forest Note 1, other notes designated therein (together with all renewals thereof), if any, and all other debt of the Rileys up to a maximum stated therein of $1,550,000.00 plus accrued interest thereon, all charges and expenses of collection incurred by Mortgagee including court costs and reasonable attorneys' fees.

13.     Mortgage 1 covers real property in Berkeley County, as more particularly described as follows (hereinafter referred to as the "Commercial Property"):

> ALL that certain piece, parcel or tract of land, together with the buildings and improvements thereon, situate, lying and being in Second St. Johns Parish, County of Berkeley, State of South Carolina, Measuring and Containing 9.975 acres, more or less, said dimensions being more clearly delineated and shown on a plat entitled "PLAT OF 9.975 ACRES OWNED BY BOBBY METTS ABOUT TO BE CONVEYED TO JOSEPH L. DAVID", prepared by Hager E. Metts, RLS, dated February 14, 1996, recorded in the Office of the RMC for Berkeley County, SC in Plat Cabinet M, at Page 329-F; reference is hereby craved to said plat and same is made a part and parcel of this description.
>
> Derivation:  BEING the same property conveyed to Christopher B. Riley and Bobbie B. Riley by Deed of John Co, LP, dated March 31, 2004, recorded in the Office of the RMC for Berkeley County, SC simultaneously herewith.

14.     Thereafter Mortgage 1 was recorded in the real property records office of Berkeley County on April 1, 2004, in Book 3914 at Page 240.

15.     Mortgage 1 constitutes a first priority lien on the Commercial Property. Mortgage 1 has priority over later filed judgments.

16.     On June 15, 2004, the Rileys executed a Modification of Mortgage modifying Mortgage 1 to increase the amount secured thereby to a maximum amount of $2,550,000.00 plus accrued interest thereon, all charges and expenses of collection

incurred by Mortgagee including court costs and reasonable attorneys' fees and to specifically provide that Palmetto Forest Note 2 was secured thereby.

17. Thereafter for value received and to induce BB&T to provide further funding to Palmetto Forest Products, Inc., the Rileys made, executed, and delivered to BB&T a Mortgage in writing, dated March 21, 2007 (hereinafter, "Mortgage 2"), to secure Palmetto Forest Note 2 and all other debt of the Rileys up to a maximum stated therein of $1,300,000.00 plus accrued interest thereon, all charges and expenses of collection incurred by Mortgagee including court costs and reasonable attorneys' fees.

18. Mortgage 2 covers real property in Berkeley County, as more particularly described as follows (hereinafter referred to as the "Residential Property"):

> ALL THAT CERTAIN PIECE, PARCEL OR LOT OF LAND, TOGETHER WITH THE BUILDINGS AND IMPROVEMENTS THEREON, SITUATE, LYING AND BEING IN THE TOWN OF PINOPOLIS, BERKELEY COUNTY, SOUTH CAROLINA, SHOWN AND DESIGNATED AS LOT 1 AND 1A, BROUGHTON HALL SUBDIVISION, ON THAT CERTAIN PLAT ENTITLED "FINAL PLAT OF BROUGHTON HALL SUBDIVISION LOCATED IN PINOPOLIS, BERKELEY COUNTY, S.C.", PREPARED BY ALPHA SURVEYING, INC., DATED JULY 25,1989, REVISED JUNE 15, 1990, FURTHER REVISED MAY 20, 1991, RECORDED IN THE OFFICE OF THE RMC FOR BERKELEY COUNTY, SC IN PLAT CABINET K, AT PAGE 184; REFERENCE IS HEREBY CRAVED TO SAID PLAT AND SAME IS MADE A PART AND PARCEL OF THIS DESCRIPTION.
>
> Derivation: BEING, the same property conveyed to Christopher B. Riley and Bobbie B. Riley by William C. Koll, Jr. and Wendy R. Koll by deed dated June 21, 2004; and by Assignment of Lease, dated June 21, 2004. The deed was recorded on July 21, 2004 in Book 4124, at Page 227; and the Assignment of Lease recorded in the aforesaid records on same date in Book 4124, at Page 225.
>
> PROPERTY ADDRESS:   2058 West Lake Shore Drive, Pinopolis, SC

19. Thereafter said Mortgage 2 was recorded in the real property records office of Berkeley County on April 20, 2007 in Book 6501 at Page 331.

20. Mortgage 2 constitutes a third mortgage lien on the Residential Property junior in priority to two prior mortgages to Branch Banking and Trust Company dated December 2, 2005 and recorded December 8, 2005 in Book 5210 at page 250 ($600,000.00) and Book 5211 at page 250 ($150,000.00). Mortgage 2 has priority over later filed judgments.

21. In connection with the execution of the Modification, Renewal and Restatement of Notes and the Modification, Increase, Renewal and Restatement of Note dated June 15, 2007, and other indebtedness as described hereafter, on June 15, 2007 the Rileys executed and delivered a Mortgage Modification Agreement modifying Mortgage 1 to specifically secure the Riley Note and Palmetto Forest Notes 1, 2 and 3 and the secure "All other indebtedness of Mortgagor to BB&T (including indebtedness as a result of the guarantee of obligations owed to BB&T, now or hereafter existing, whether direct or indirect" with the intent, as stated therein to remove all limitations on the amount secured thereby.

22. In connection with the execution of the Modification, Renewal and Restatement of Notes and the Modification, Increase, Renewal and Restatement of Note dated June 15, 2007, and other indebtedness as described hereafter, on June 15, 2007 the Rileys executed and delivered a Mortgage Modification Agreement modifying Mortgage 2 to specifically secure the Riley Note and Palmetto Forest Notes 1, 2 and 3 and the secure "All other indebtedness of Mortgagor to BB&T (including indebtedness as a result of the guarantee of obligations owed to BB&T, now or hereafter existing, whether direct or

indirect" with the intent, as stated therein to remove all limitations on the amount secured thereby.

23. Each of the Notes (the Riley Note and Palmetto Forest Notes 1-10) provide that if the same should be placed in the hands of an attorney for collection, all costs of collection, including a reasonable attorney's fee are recoverable thereunder.

24. Each of the Notes (the Riley Note and Palmetto Forest Notes 1-10) further provide that is was agreed that 15% of the unpaid principal plus interest at the time suit is initiated will amount to and constitute a reasonable attorney's fee.

25. Each of the Notes (the Riley Note and Palmetto Forest Notes 1-10) have matured and come due by its terms. As a result, all sums due thereunder, principal, interest and all other fees and charges are due and payable with no further action by the Plaintiff.

26. Each of the Notes (the Riley Note and Palmetto Forest Notes 1-10) are in default due to the failure to pat said Notes at maturity.

27. There is due on the Riley Note as of July 31, 2009 the sum of $484,447.52, together with interest at the Prime Rate of the Plaintiff plus 5% per annum from July 31, 2009, and also for the costs and disbursements of this action, including attorney's fees in the amount of $72,667.13.

28. There is due on Palmetto Forest Note 1 as of July 14, 2009 the sum of $12,245.78, together with interest at the Prime Rate of the Plaintiff plus 5% per annum from July 14, 2009, and also for the costs and disbursements of this action, including attorney's fees in the amount of $1,801.83.

29. There is due on Palmetto Forest Note 2 as of July 14, 2009 the sum of $4,129,509.67, together with interest at the Prime Rate of the Plaintiff plus 5% per annum

from July 14, 2009, and also for the costs and disbursements of this action, including attorney's fees in the amount of $610,751.41.

30. There is due on Palmetto Forest Note 3 as of July 14, 2009 the sum of $147,629.30, together with interest at the Prime Rate of the Plaintiff plus 5% per annum from July 14, 2009, and also for the costs and disbursements of this action, including attorney's fees in the amount of $21,700.16.

31. There is due on Palmetto Forest Note 4 as of July 14, 2009 the sum of $174,965.61, together with interest at the Prime Rate of the Plaintiff plus 5% per annum from July 14, 2009, and also for the costs and disbursements of this action, including attorney's fees in the amount of $25,699.07.

32. There is due on Palmetto Forest Note 5 as of July 14, 2009 the sum of $318,414.29, together with interest at the Prime Rate of the Plaintiff plus 5%per annum from July 14, 2009, and also for the costs and disbursements of this action, including attorney's fees in the amount of $46,768.84.

33. There is due on Palmetto Forest Note 6 as of July 14, 2009 the sum of $216,126.94, together with interest at the Prime Rate of the Plaintiff plus 5%per annum from July 14, 2009, and also for the costs and disbursements of this action, including attorney's fees in the amount of $31,744.85.

34. There is due on Palmetto Forest Note 7 as of July 14, 2009 the sum of $102,963.20, together with interest at the Prime Rate of the Plaintiff plus 5% per annum from July 14, 2009, and also for the costs and disbursements of this action, including attorney's fees in the amount of $15,123.45.

35. There is due on Palmetto Forest Note 8 as of July 14, 2009 the sum of $154,384.95, together with interest at the Prime Rate of the Plaintiff plus 5% per annum from July 14, 2009, and also for the costs and disbursements of this action, including attorney's fees in the amount of $22,676.18.

36. There is due on Palmetto Forest Note 9 as of July 14, 2009 the sum of $199,647.50, together with interest at the Prime Rate of the Plaintiff plus 5% per annum from July 14, 2009, and also for the costs and disbursements of this action, including attorney's fees in the amount of $29,321.09.

37. There is due on Palmetto Forest Note 10 as of July 14, 2009 the sum of $81,975.08, together with interest at the Prime Rate of the Plaintiff plus 5% per annum from July 14, 2009, and also for the costs and disbursements of this action, including attorney's fees in the amount of $12,296.26.

38. In connection with the Modification, Renewal and Restatement of Notes and the Modification, Increase, Renewal and Restatement of Note dated June 15, 2007 and other indebtedness as described hereafter, on June 15, 2007, Christopher B. Riley and Bobbie B. Riley each executed a Guaranty Agreement in favor of the plaintiff in which they "absolutely and unconditionally" guaranteed each and every obligation of Palmetto Forest Products, Inc. to the Plaintiff, including but not limited to, the obligations which are the subject of this action.

39. The Guaranty Agreements further provide that Christopher B. Riley and Bobbie R. Riley shall be liable for the reasonable attorney's fees of the Plaintiff and provide that such fees are "agree[d] shall be equal to 15% of the principal and interest outstanding at the time of action by Lender."

40.     Any and all conditions precedent to the obligations of Palmetto Forest Products, Inc. under Palmetto Forest Notes 1-10 have occurred.

41.     Any and all conditions precedent to the obligations of Christopher B. Riley and Bobbie B. Riley under the Riley Note have occurred.

42.     Any and all conditions precedent to the obligations of Christopher B. Riley and Bobbie B. Riley under the Guaranty Agreements have occurred.

43.     Any and all notices which required under the loan documents and under the applicable law have been provided.

44.     Pursuant to Paragraph 3.07 of a Loan Agreement dated June 15, 2007 and executed by Palmetto Forest and the Rileys in connection with the Notes and Mortgages, both of which are in the Record before the Court, BB&T was granted the following right:

> Right of Inspection. Permit the officers and authorized agents of the Bank, at any reasonable time or times in the Bank's sole discretion, to examine and make copies of the records and books of account of, to visit the properties of the Borrower, and to discuss such matters with any officers, directors, managers, members or partners, limited or general of the Borrower, and the Borrower's independent accountant as the Bank deems necessary and proper.

45.     Pursuant to Paragraph 3.07 of the Loan Agreement, BB&T was granted the following right:

> If requested by Bank, Borrower shall provide Bank with all necessary and reasonable assistance required for purposes of determining the existence of Hazardous Materials on the Mortgaged Property, including allowing Bank access to the Mortgaged Property, and access to Borrower's employees having knowledge of, and to files and records within Borrower's control relating to the existence, storage, or release of Hazardous Materials on the Mortgaged Property.

46.     To further secure the payment of the Palmetto Forest Notes, Christopher B. Riley made, executed, and delivered to BB&T a Security Agreement dated July 27, 2006.

47.  As a result of the rights granted in the two paragraphs above (right to inspection and right to assistance), the Plaintiff is entitled to access to the books and records related to the property which is the subject hereof and to the property itself for the purposes of inspection and investigation, including for the purposes of appraisal and environmental examination.

## Discussion

In an action on a Note, when the Note is attached to the Complaint and the execution of the Note is not contested, the Plaintiff is entitled to recover on the Note in the absence of the pleading and proof of an affirmative defense. S.C. Code Ann. § 36-3-308 (1976); *See Conran v. Yeager*, 263 S.C. 417, 211 S.E.2d 228 (S.C. 1975). The same principle is applicable to a guaranty. *National Equipment, Ltd v. David Jones Sales Trucking Division, Inc.*, 268 S.C. 551, 235 S.E.2d 125 (S.C. 1977).

Here, the pleadings in this case, supplemented by the Affidavit of Frank J. Caple, the Second Affidavit of Frank Caple and the Affidavit of Steven B. Licata, clearly establish the execution of the notes creating the debt sued upon, the execution and the delivery of the mortgages securing the debt, the guaranty of the debt, the default thereunder and the amounts due thereon. Rule 56(c), FRCP clearly states that "judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Defendants have offered no defense and have admitted the essential allegations in this action.

The Fourth Circuit has clearly stated the effect of admissions contained in the pleadings. The general rule is that "a party is bound by the admissions of his pleadings." Lucas v. Burnley, 879 F.2d 1240, 1242 (4th Cir. 1989). In *Lucas*, the Court held that an admission in the pleadings was a binding judicial admission and the issue "was not only raised by the pleadings, it was admitted and therefore resolved by those pleadings." *Id*. at 1243. The application of this rule in the context of a motion for summary judgment is found in this District's decision in *Brown v. Sikora & Assocs.*, where the Court found that a party was bound by its admissions and granted summary judgment. *Brown v. Sikora & Assocs.*, 2007 WL 1068241, 4-5 (D.S.C. Mar. 30, 2007) (J. Floyd) *aff'd* 311 Fed. Appx. 568, 571 (4th Cir. 2008).

**Requested Relief**

Based on the relief BB&T requested in its Complaint and based on the above undisputed facts, the Court hereby orders the following relief in this matter:

a)  There is due to BB&T on the Notes and Mortgages set forth above the sum of $6,912,860.11, representing the "Total Debt" due BB&T as set forth above as of July 15, 2009.

b)  The "Total Debt" and later accrued interest on the principal shall constitute the total judgment debt due BB&T and shall bear interest hereafter at the judgment rate of interest.

c)  The Plaintiff does hereby have personal judgment on the Notes, Mortgages and Guarantees against the Defendants Christopher B. Riley and Bobbie B. Riley, jointly and severally, in the amount of $6,912,860.11 and later accrued interest on the principal. The Clerk of Court is hereby ordered to enter this judgment immediately. Any proceeds of

the sale of property called for herein shall be entered as a partial satisfaction of said judgment.

d) That Christopher B. Riley and Bobbie B. Riley shall, on or before the date of sale of the property hereinafter described, pay to BB&T or BB&T's attorney the amount of BB&T's debt as outlined herein and in the pertinent documents in the Record, together with the costs and disbursements of this action.

e) That on default of payment at or before the time herein indicated, the mortgaged premises described in Mortgages 1 and 2, as hereinafter set forth, shall be sold by the United States Marshall for the State of South Carolina (or his designee) at public auction at the Berkeley County Courthouse, on some convenient sales day hereafter (and should the regular day of judicial sales fall on a legal holiday, then and in the such event, the sales day shall be on Tuesday next succeeding such holiday), on the following terms, that is to say:

> A. FOR CASH: The United States Marshall for the State of South Carolina (or his designee) shall require a deposit of 5% on the amount of the bid (in cash or equivalent), same to be applied to the purchase price only upon compliance with the bid, but in case of non-compliance within twenty days, same to be forfeited and applied to the costs and Plaintiff's debt.
>
> B. The sale shall be subject to taxes and assessments, existing easements, and easements and restrictions of record.
>
> C. BB&T's Mortgages constitutes a first priority mortgage as to the property covered by Mortgage 1 and a third priority mortgage as to Mortgage 2. The sale as to the property covered by Mortgage 2 shall be subject to the existing first and

second mortgage of record (held by BB&T). Prior to the advertisement of the sale of the property called for herein, BB&T shall provide the Court with the balances outstanding on the first and second mortgages covering the property which is the subject of Mortgage 2 and the same shall be included in the Notice of Sale as published.

D.  Purchaser to pay for Deed Stamps and costs of recording the Deed.

E.  The properties covered by Mortgages 1 and 2 shall be sold separately.

F.  BB&T shall be entitled to credit bid up to the entire amount of its judgment debt as to either Mortgage 1 or 2 or both.

G. The sale shall be conducted and advertised by the United States Marshall for the State of South Carolina (or his designee) in the same manner as foreclosure sales conducted in the state courts.

f)  If Plaintiff be the successful bidder at the said sale for a sum not exceeding the amount of costs, disbursements, expenses, and the indebtedness of the Plaintiff in full, Plaintiff may pay to the United States Marshall for the State of South Carolina (or his designee) only the amount of the costs, disbursements, and expenses, crediting the balance of the bid on Plaintiff's indebtedness.

g)  As a personal or deficiency judgment is demanded, the bidding will remain open for a period of thirty (30) days after the date of sale as provided by law in such cases. However, the Plaintiff shall have the right to waive deficiency up to the time of the sale.

h)  That the United States Marshall for the State of South Carolina (or his designee) shall, by advertisement according to law, give notice of the time and place of sale and the terms thereof, and shall execute to the Purchaser or Purchasers a deed to the premises

sold. The Plaintiff, or any other party to this action, may become a purchaser at such sale, and if, upon such sale being made, the Purchaser or Purchasers should fail to comply with the terms thereof within twenty days after date of sale, then the United States Marshall for the State of South Carolina (or his designee) may advertise the said premises for sale on the next or some other subsequent sales day, at the risk of the highest bidder, and so from time to time thereafter until a full compliance shall be secured.

i) That the United States Marshall for the State of South Carolina (or his designee) shall apply the proceeds of the sale as follows:

> FIRST: To payment of the amount of the costs and expenses of this action;
>
> NEXT: To the payment to the Plaintiff or Plaintiff's attorneys of the amount of Plaintiff's Total Debt and interest thereon, or so much thereof as the purchase money will pay on the same;
>
> NEXT: Any surplus will be held pending further order of the Court.

j) It is further ordered that in the event the successful bidder is other than the Defendants in possession herein, the United States Marshall for the State of South Carolina (or his designee) is ordered and directed to eject and remove from the premises the occupants of the property sold, together with all personal property located thereon, to put the successful bidder or his assigns in full, quiet, and peaceable possession of said premises without delay, and to keep said successful bidder or his assigns in such peaceable possession.

k) The following is a description of the premises herein ordered to be sold:

**Mortgage 1**

> ALL THAT CERTAIN PIECE, PARCEL OR TRACT OF LAND, TOGETHER WITH THE BUILDINGS AND IMPROVEMENTS

16

THEREON, SITUATE, LYING AND BEING IN SECOND ST. JOHNS PARISH, COUNTY OF BERKELEY, STATE OF SOUTH CAROLINA, MEASURING AND CONTAINING 9.975 ACRES, MORE OR LESS, SAID DIMENSIONS BEING MORE CLEARLY DELINEATED AND SHOWN ON A PLAT ENTITLED "PLAT OF 9.975 ACRES OWNED BY BOBBY METTS ABOUT TO BE CONVEYED TO JOSEPH L. DAVID", PREPARED BY HAGER E. METTS, RLS, DATED FEBRUARY 14, 1996, RECORDED IN THE OFFICE OF THE RMC FOR BERKELEY COUNTY, SC IN PLAT CABINET M, AT PAGE 329-F; REFERENCE IS HEREBY CRAVED TO SAID PLAT AND SAME IS MADE A PART AND PARCEL OF THIS DESCRIPTION.

Derivation: BEING the same property conveyed to Christopher B. Riley and Bobbie B. Riley by Deed of John Co, LP, dated March 31, 2004, recorded in the Office of the RMC for Berkeley County, SC simultaneously herewith.

Property Address:     667 Whitesville Road, Moncks Corner, SC

**Mortgage 2**

ALL THAT CERTAIN PIECE, PARCEL OR LOT OF LAND, TOGETHER WITH THE BUILDINGS AND IMPROVEMENTS THEREON, SITUATE, LYING AND BEING IN THE TOWN OF PINOPOLIS, BERKELEY COUNTY, SOUTH CAROLINA, SHOWN AND DESIGNATED AS LOT 1 AND 1A, BROUGHTON HALL SUBDIVISION, ON THAT CERTAIN PLAT ENTITLED "FINAL PLAT OF BROUGHTON HALL SUBDIVISION LOCATED IN PINOPOLIS, BERKELEY COUNTY, S.C.", PREPARED BY ALPHA SURVEYING, INC., DATED JULY 25, 1989, REVISED JUNE 15, 1990, FURTHER REVISED MAY 20, 1991, RECORDED IN THE OFFICE OF THE RMC FOR BERKELEY COUNTY, SC IN PLAT CABINET K, AT PAGE 184; REFERENCE IS HEREBY CRAVED TO SAID PLAT AND SAME IS MADE A PART AND PARCEL OF THIS DESCRIPTION.

Derivation: BEING, the same property conveyed to Christopher B. Riley and Bobbie B. Riley by William C. Koll, Jr. and Wendy R. Koll by deed dated June 21, 2004; and by Assignment of Lease, dated June 21, 2004. The deed was recorded on July 21, 2004 in Book 4124, at Page 227; and the Assignment of Lease recorded in the aforesaid records on same date in Book 4124, at Page 225.

Property Address:     2058 West Lake Shore Drive, Pinopolis, SC

l)     That if the Plaintiff or the Plaintiff's representative does not appear at the scheduled sale of the above-referenced property, then the sale of the property will be null, void and of no force and effect. In such event, the sale will be rescheduled for the next available sales day.

m)    The Plaintiff is entitled to all "Equipment" of Christopher B. Riley, including that listed on Exhibit A to the Security Agreement attached to the Complaint as Exhibit "II" and Christopher B. Riley is ordered to turn over possession thereof to the Plaintiff within thirty (30) days of the date of this Order. Should Christopher B. Riley fail to turn over said property as required, United States Marshall is directed to take such action as is necessary to assist Plaintiff in obtaining possession of the particular personal property listed in Exhibit A to the Security Agreement.

n)    The Plaintiff (or its designee, including a designated appraiser) shall be given access to the properties described in Mortgage 1 and 2 by the Defendants Christopher B. Riley and Bobbie B. Riley for the purposes of inspection and appraisal during normal business hours on Monday through Friday within fifteen (15) days of the date of entry of this Order with a time to be mutually agreed upon. Defendants Christopher B. Riley and Bobbie B. Riley are ordered to be present for such inspections and/ appraisals and to provide access to the properties (and the interior thereof) as reasonably requested for the purposes of inspections and/ appraisals.

### Conclusion

Based on the above, this Court **grants** Defendant's Amended Motion for Summary Judgment and orders the relief as set forth herein.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 25, 2011
Charleston, South Carolina